**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Tramaine E. Martin,** | ) | **CASE NO. 1:14 CV 2812** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Judge A. Deane Buchanan, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Tramaine E. Martin filed this action under 42 U.S.C. § 1983 against

Cleveland Heights Municipal Court Judge A. Deane Buchanan and Cleveland Heights City

Prosecutor Tiffany A. Hill.  In the Complaint, Plaintiff alleges he was tried and convicted

without jurisdiction in the Cleveland Heights Municipal Court.  He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*.  (ECF No. 2).  That

Application is granted.

**BACKGROUND**

Plaintiff's Complaint contains very few factual allegations.  He indicates he was tried in

the Cleveland Heights Municipal Court on October 31, 2013 on criminal charges.  He does not

elaborate on the nature of the charges.  It appears Judge Buchanan presided over the trial and

Ms. Hill was the prosecuting attorney.  He claims that the Defendants lacked jurisdiction over his criminal case because he was not given a jury trial.  He contends that because his conviction is flawed, the Defendants denied him due process and violated the Thirteenth Amendment.  He alleges, without explanation, that prison or jail authorities were deliberately indifferent to his serious medical needs while he was serving his sentence, and he contends the Defendants are responsible for this because it was a collateral consequence of his conviction.  He seeks $15,000,000.00 in damages.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at

-2-

555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id*.  In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

As an initial matter, Plaintiff cannot collaterally attack his conviction in a civil rights action for damages.  A person convicted of a crime may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside.  *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  The holding in *Heck* applies whether Plaintiff seeks injunctive, declaratory or monetary relief.  *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998).  In this case, Plaintiff contends the court lacked jurisdiction to try him and claims his conviction is fatally flawed because he was not given a jury trial.  If found to have merit, these claims would call the validity of that conviction into question.  To proceed with his claims, Plaintiff must demonstrate that his conviction was reversed by an Ohio state court or set aside by a federal habeas corpus decision.  He does not allege that either of these things has occurred.  He cannot proceed with these claims in a civil rights action.

In addition, even if Plaintiff could proceed with a civil rights action, both of the Defendants are absolutely immune from damages.  Judicial officers are absolutely immune from

civil suits for money damages based on actions they performed and decisions they made in the course of performing their official duties.  *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages.  *Barnes*, 105 F.3d at 1115.  For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116.  Plaintiff alleges no facts to show that either of these criteria has been met in this case.

The determination of whether an action is performed in the Defendant's judicial capacity, depends on the "nature" and "function" of the act, not on the act itself.  *Mireles*, 502 U.S. at  13; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  Looking first to the nature of the act, the Court must determine whether it is a function generally performed by a judge.  *Stump*, 435 U.S. at 362.  This inquiry does not involve a rigid scrutiny of the particular act in question, but rather requires only an overall examination of the judge's alleged conduct in relation to general functions normally performed by judges.  *Mireles*, 502 U.S. at  13.  Second, an examination of the function of the act alleged requires the Court to assess whether the parties dealt with the judge in his or her judicial capacity.

Here, Plaintiff gives no indication that Judge Buchanan was acting in any capacity other than that of a judge when the conduct alleged in the Complaint occurred.  Plaintiff does not allege any specific conduct by the Judge, and there is no indication that his claim is based on conduct which occurred outside of the courtroom.  He cannot overcome the broad application of

-4-

judicial immunity under this criteria.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. (emphasis added.)  When the immunity of the judge is at issue, the scope of the judge's jurisdiction is to be broadly construed.  Stump, 435 U.S. at 356-57.  A judge will not be deprived of immunity because the action he took was performed in error, done maliciously, or was  in excess of his authority.  *Id.*  Actions taken in complete absence of all jurisdiction are those  acts which are clearly outside of the subject matter jurisdiction of the court over which the judge presides.  *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985); *see Barnes*, 105 F.3d at 1122.  Conversely, merely acting in excess of authority does not preclude immunity.  *See Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984).

In the present case, judges of the Cleveland Heights Municipal Court have jurisdiction to hear criminal misdemeanor cases for violations occurring within the geographical boundaries assigned to the court.  While Plaintiff asserts Judge Buchanan exceeded the court's authority under Ohio law by conducting a bench trial, his actions were still within the subject matter jurisdiction of the court.  Judge Buchanan is entitled to absolute immunity from monetary damages in this matter.

Similarly, Tiffany Hill, as the prosecutor is also absolutely immune from damages for initiating a prosecution and in presenting the city's case.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).  A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court.  *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).  This duty could not be

-5-

properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages.  *Id.*  These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the attribution of improper and malicious actions to the prosecutor.  *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525.  Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate.  *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003).  Immunity is granted not only for actions directly related to initiating a prosecution and presenting the city's case, but also to activities undertaken in connection with the duties in functioning as a prosecutor.  *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002).  The immunity also reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in initiating judicial proceedings, *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000), or defending a civil suit, *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990).  In this case, Plaintiff does not allege any specific actions taken by Tiffany Hill.  He contends only that he was denied a jury trial.  The decision to seek a jury or bench trial is one that is clearly made in the course of presenting the city's case.  Ms. Hill is entitled to absolute immunity from damages.

Finally, Plaintiff attempts to hold Judge Buchanan and Prosecutor Tiffany Hill responsible for inadequate medical treatment he received in jail while serving his sentence.  He rationalizes that even though these Defendants are not responsible for providing medical care to inmates in jail, they are liable for damages because they were involved in his prosecution and sentencing.  He contends that but for his conviction, he would not have been in jail and would

-6-

not have been denied adequate medical care.  This claim is without merit.  Plaintiff cannot

establish the liability of any Defendant absent a clear showing that the Defendant was

personally involved in the activities which form the basis of the alleged unconstitutional

behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186,

1995 WL 559381 (6th Cir. Sept. 20, 1995).  Because Judge Buchanan and Prosecutor Tiffany

Hill were not involved in making medical decisions for Plaintiff while he was in jail, he cannot

sustain a claim against them for deliberate indifference to serious medical needs.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is

granted and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/9/15