**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Tramaine E. Martin,** | ) | **CASE NO. 1:14 CV 2812** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Order** |
| **Judge A. Deane Buchanan,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on Plaintiff's Motion for Relief from Judgment under Federal Civil Procedure Rule 60(b). This civil rights action was dismissed because Plaintiff was attempting to collaterally attack a state court conviction by suing the Judge and the Prosecutor in his case, both of whom are absolutely immune from suit. In this Motion, he asks the Court to reopen his case and then reissue its order of dismissal because he did not receive the copy mailed to him.

Rule 60(b) permits a district court to grant a motion for relief from the judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the

judgment.

Fed.R.Civ.P. 60(b). To obtain relief under Rule 60(b), a party must establish that the facts of his case fall within one of the enumerated reasons contained in Rule 60(b). *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir.1993).

Because Plaintiff does not invoke any of the first five grounds for relief enumerated in the Rule, his Motion may be construed as requesting relief under subsection (b)(6), "any other reason justifying relief" from judgment. This subsection, however, is only properly invoked in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

Plaintiff has not presented an unusual and extreme situation mandating relief. He filed a Change of Address on June 1, 2015 notifying the Court that mail should be sent to him at 1938 Westburn Avenue, Cleveland, Ohio. Nine days later, on June 10, 2015, the Court issued its Memorandum of Opinion and Order to Plaintiff at the Westburn Avenue address. It came back as undeliverable on June 22, 2015. Plaintiff filed another Change of Address on July 13, 2015. He claims he did not become aware that his case was dismissed until July 22, 2015. It is the Plaintiff's responsibility to keep the Court informed of his address. Plaintiff has not demonstrated grounds for relief under Rule 60(b).

Accordingly, Plaintiff's Motion for Relief from Judgment (ECF No. 11) is denied.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan  
      PATRICIA A. GAUGHAN  
      United States District Judge

Dated: 9/21/15